**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JERMAINE WOODS,
     Plaintiff,

     v.

DISTRICT OF COLUMBIA and DANIEL LEO
     Defendants.

Civil Action No. 20-0782 (CKK)

**MEMORANDUM OPINION & ORDER**
(May 2, 2021)

On November 2, 2020, this Court dismissed Plaintiff's complaint without prejudice under

Federal Rule of Civil Procedure 12(b)(6).  *See* Order, ECF No. 12, at 1.  Plaintiff has now filed a

[14] Motion for Reconsideration, seeking relief from the Court's November 2, 2020 Order under

Rule 60(b)(6).  *See* Pl.'s Mot., ECF No. 14, at 1.  Federal Rule of Civil Procedure 60(b), however,

only permits the Court to "relieve a party . . . from a *final* judgment, order, or proceeding."  Fed.

R. Civ. P. 60(b) (emphasis added).  Because the Court's November 2, 2020 Order was not final,

the Court **DENIES** Plaintiff's [14] Motion under Rule 60(b).

"The D.C. Circuit has held that when determining whether an order was final, a court . . .

should consider whether the court issued a terminating order."  *Xia v. Kerry*, No. 14-0057 (RCL),

2015 WL 11070246, at *1 (D.D.C. Mar. 25, 2015) (citing *Robinson-Reeder v. Am. Council on

Educ.*, 571 F.3d 1333, 1338 (D.C. Cir. 2009)).  "Absent a clear statement by the district court

disassociating itself from the case," the D.C. Circuit looks for "certain markers as signaling

whether an order is final."  *Wilcox v. Georgetown Univ.*, 987 F.3d 143, 147 (D.C. Cir. 2021).  For

example, "[g]enerally, a dismissal of a complaint without prejudice is not a final appealable order."

*Id.* at 146.  Moreover, an order that dismisses a "*complaint*," rather than the "*case*" or the "*action*,"

offers further indication that the dismissal was non-final.  *Id.* (citing *Ciralsky v. CIA*, 355 F.3d 661,

666–67 (D.C. Cir. 2004) (emphasis added)).  "The clearest signal of finality is when a district court

1

itself states that its dismissal is with prejudice and its order states the order of dismissal is final and appealable." *Id.*  The D.C. Circuit "has also adopted a presumption of finality for jurisdictional dismissals of complaints." *Id.* at 148.

Applying these standards, the Court's November 2, 2020 Order was not final.  First, the Order dismissed only Plaintiff's "complaint," but did not dispose of the "case" or the "action" in its entirety.  Order, ECF No. 12, at 1; *see also Ciralsky*, 355 F.3d at 666–67.  Additionally, the Order stipulated that the dismissal was "without prejudice," and while this alone is not determinative, the Order also makes no reference to its status as a "final" or "appealable" order. *Id.*  Finally, the deficiencies meriting the November 2, 2020 dismissal order were not jurisdictional, but rather factual pleading deficiencies under Rule 12(b)(6).  *See* Mem. Op. ECF No. 13, at 7–16. For these reasons, the Court concludes that its November 2, 2020 Order was not final.  Absent a "final" order, therefore, Plaintiff cannot seek relief under Rule 60(b).  *See, e.g.*, *Xia*, 2015 WL 11070246, at *1 ("[B]ecause there is no final judgment of the Court . . . a motion under Rule 60(b) is inappropriate.").  Accordingly, the Court **DENIES** Plaintiff's [14] Motion for Reconsideration under Rule 60(b)(6).

Nonetheless, where "dismissal does not constitute entry of a final judgment, the complaint may be amended pursuant to Rule 15(a) of the Federal Rules of Civil Procedure without filing a motion pursuant to Rules 59(e) or 60(b)." *Wilcox*, 987 F.3d at 146.  "This has long been the law in this and other circuits." *Id.*  In his Rule 60(b) motion papers, Plaintiff briefly argues that "it is in the interests of justice that [he] be allowed to file an Amended Complaint in this matter."  Pl.'s Mot., ECF No. 14, at 6–7.  Plaintiff, however, has not filed an accompanying motion requesting leave to amend his complaint, nor does Plaintiff even cite to Federal Rule of Civil Procedure 15, which governs the amendment of federal pleadings.  *See id.*  Because Plaintiff has failed to file a

formal motion under Rule 15(a) seeking leave to amend, the Court will **DENY WITHOUT PREJUDICE** Plaintiff's cursory request to amend his pleading. *See Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) ("As appellants did not properly request leave to amend the RICO claim, it could hardly have been an abuse of discretion for the District Court not to have afforded them such leave *sua sponte*.").

Yet, despite Plaintiff's procedural shortcomings, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome," and instead "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Ciralsky v. CIA*, 355 F.3d 661, 674 (D.C. Cir. 2004) (quotation omitted). And here, while Plaintiff failed to seek leave to amend under Rule 15(a), Plaintiff has appended a proposed amended pleading to his Rule 60(b) motion. *See* Pl.'s Mot., ECF No. 14, at Ex. B. Consequently, the Court will permit Plaintiff a final opportunity to seek leave to file this amended pleading under Rule 15(a), and to do so in compliance with the Local Rules of this Court. *See* LCvR 7(i).

\*\*\*\*

For the reasons set forth above, the Court concludes that its November 2, 2020 Order was not final. Therefore, the Court **DENIES** Plaintiff's [14] Motion for Reconsideration under Rule 60(b)(6). If Plaintiff would like to file his amended pleading, by or before **MAY 17, 2021**, he must either provide the Court with Defendants' written consent to his proposed amendment or, alternatively, file a motion seeking leave to amend under Rule 15(a). Failure to do so will result in the complete dismissal of this action with prejudice.

**SO ORDERED**.

**Date**: May 2, 2021

_____
/s/
_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

3