**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JERMAINE WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-0782 (CKK) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**
**PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Plaintiff, Jermaine Woods, by and through the undersigned counsel, respectfully opposes Defendants' Motion to Strike Plaintiff's Amended Complaint. Defendants' motion should be denied for the reasons stated below.

**I.      BRIEF FACTUAL BACKGROUND**

On May 2nd, 2021, this Court issued an Order on Plaintiff's Motion for Reconsideration, wherein Plaintiff requested the Court reconsider its ruling on Defendants' Motion to Dismiss or, in the alternative, allow Plaintiff the opportunity to file an amended complaint. This Court's Order directed Plaintiff to file a Motion for Leave to Amend by or before May 17, 2021. On May 17, 2021, Plaintiff filed his Amended Complaint, pursuant to the Court's Order, which now states its claims more carefully and artfully. Due to a variety of factors, mostly involving the uncertainty and chaos caused by the ongoing pandemic, Plaintiff mistakenly failed to file his Motion for Leave to Amend along with its Amended Complaint. Plaintiff has since filed a Motion for Leave to file its Amended Complaint, which seeks to correct that issue an order to facilitate a proper decision on the merits of Plaintiff's claims.

## II.    ARGUMENT

In this jurisdiction, courts have determined leave to amend should be permitted based upon the *Foman* requirements, *i.e.*, unless there is undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, or futility. *Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59,74 (D.D.C. 2002) (Walton, J) (quoting *Firestone v Firestone*, 75 F.3d 1205, 1209 (D.C. Cir. 1996). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, under Rule 15, "the non-movant generally carries the burden in persuading the court to deny leave to amend." *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004).

Unfortunately, the uncertainty and chaos caused by the ongoing pandemic has spread the undersigned counsel's staff fairly thin as remote work continues, particularly as the firm's entire litigation portfolio has resumed simultaneously. Further, most members of staff, including the undersigned counsel himself, have recently endured pandemic-related health concerns either themselves or in their immediate family. As such, Plaintiffs' proposed amendment is by no means dilatory nor is it the offspring of procrastination. Simply put, Plaintiff merely seeks to facilitate judicial efficiency and economy by more artfully stating its claims so that this matter has an opportunity to be resolved on the merits.

It is also important to note that Plaintiff has, at all times, attempted to investigate and pursue information relevant to this matter. Despite the fact that Plaintiff was shot at, arrested, sent to the hospital in police custody, charged with a crime, and then have the charge later dropped, the District of Columbia seemingly neglected to record any of it. For example, despite being required by law, the District contends that there is no "Use of Force Report" for the incident involving Plaintiff and Plaintiff is not recorded in the "Public Incident Report," even though Plaintiff was

2

shot at, arrested, and charged with a crime. How is that possible? The situation is further complicated by the fact that in the "Public Incident Report" the District fails to mention the officer's shooting or any mention of use of force. In fact, despite his best efforts, Plaintiff was not even aware that Officer Rosario was the shooter until the District included that information with its Motion to Dismiss. The District is legally required to memorialize "Use of Force" events, arrests, etc. and their failure to do so accurately (or in this case *at all*) should not be rewarded. It would be a severe violation of public policy and set a terrible precedent moving forward, incentivizing more police officers to violate the law requiring them to accurately record incidents. Had Plaintiff not lived through the events, obtained the charging information from the U.S. Department of Justice, obtained the hospital documentation, or if the events were not reported in the news, the District would be able to pretend that this police officer never arrested or fired his gun at Plaintiff, an innocent bystander.

Deciding whether an amendment will cause undue prejudice "entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." 6 Charles A. Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d ed. 2010) (footnote omitted). A case's position along the litigation path proves particularly important in that inquiry: the further the case has progressed, the more likely the opposing party is to have relied on the unamended pleadings. *See id*. Due in large part to the fact that the instant matter is still in the preliminary stages of litigation, Defendants will suffer little to no prejudice should Plaintiff be granted the requested relief. There has been no discovery, no depositions, nothing that would cause Defendants any particular injustice.

On the other hand, Plaintiff would suffer a significant injustice if this motion were to be

3

denied. While innocently sitting in the passenger seat of his friend's car, Plaintiff suffered significant trauma after a D.C. police officer indiscriminately opened fire on the vehicle. Plaintiff dove out of the vehicle as the officer's bullets sprayed all around him. Plaintiff posed no threat to the officer at the time of the shooting. Unlike the recent rash of excessive police force in the national news, Plaintiff was able to escape with his life. Plaintiff's Amended Complaint now states Plaintiff's claims more artfully so that this matter has an opportunity to be resolved on the merits.

### III.    CONCLUSION

WHEREFORE, Plaintiff respectfully urges this Honorable Court to deny Defendants' Motion to Strike, allow Plaintiff leave to file its Amended Complaint, and further that Plaintiff's Amended Complaint be deemed filed *nunc pro tunc*.

Respectfully submitted,

/s/*Donald M. Temple*
Donald M. Temple, Esq. #408749
1310 L Street, NW #750
Washington, DC 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gmail.com
*Attorney for Plaintiff*

4