UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JERMAINE WOODS** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | 20-cv-782 (CKK) |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) ) ) | |
| **Defendants.** | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT *NUNC PRO TUNC***

**INTRODUCTION**

Two weeks after Defendants District of Columbia (the District) and Officer Daniel Leo (collectively, "Defendants") moved to strike his improperly filed amended complaint and dismiss this matter with prejudice, *see* Defs.' Mot. to Strike [20], Plaintiff filed an untimely motion for leave to amend, *see* Pl.'s Mot. to Amend [21], along with his opposition to Defendants' motion, *see* Pl.'s Opp'n [22].  Because Plaintiff failed to comply with the Court's May 2, 2021 Order when he filed his amended complaint *and* his untimely motion for leave to amend, and because he fails to make the requisite showing of excusable neglect for his untimely motion to amend, the Court should deny his motion.  And in any event, as Defendants have already shown and Plaintiff has not disputed, Plaintiff's proposed amendment would be futile.  Accordingly, Plaintiff's motion should be denied.

**STANDARD OF REVIEW**

Aside from one amendment allowed as a matter of course in circumstances not present here, Rule 15(a) provides that a plaintiff "may amend its pleading only with the opposing party's

written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Denial of leave to amend for a plaintiff's failure to comply with Rule 15(a) and this Court's local rules is not an abuse of discretion. *See Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012).

## ARGUMENT

**The Court Should Deny Plaintiff's Untimely and Noncompliant Motion for Leave to Amend, and in Any Event, Plaintiff's Proposed Amendment Is Futile.**

Plaintiff's filing of an amended complaint on May 17, 2021, *see* Am. Compl. [19], without an accompanying motion and proposed pleading as amended violated the Court's May 2, 2021 Order, the Federal Rules of Civil Procedure, and this Court's Local Rules. *See* Defs.' Mot. to Strike at 5-6 (citing May 2, 2021 Order at 2; Fed. R. Civ. P. 15(a)(2); LCvR 7(i)). Six weeks after the Court's May 2, 2021 Order imposing a final deadline of May 17, 2021 to properly amend his pleading, four weeks after that deadline passed, and two weeks after Defendants filed their motion to strike, Plaintiff now seeks leave from the Court to file an amended pleading. And he is *still* in violation of the May 2, 2021 Order and this Court's Local Rules because he did not include a copy of his proposed pleading as amended with his untimely motion for leave to amend. *See* Pl.'s Mot. to Amend. Plaintiff's continuing and unjustified failures—he has now improperly sought to file an amended pleading in this Court *three times*[1]—warrant denying leave to amend and dismissal of this action. *See* May 2, 2021 Order (advising Plaintiff that his failure comply with the federal and local rules "will result in the complete dismissal of this action with prejudice").

---

[1] Before filing his May 17, 2021 amended complaint and his June 15, 2021 motion for leave, Plaintiff appended a different proposed amended complaint to his January 4, 2021 motion for reconsideration that included a cursory request to amend his pleading. *See* May 2, 2021 Order at 2-3.

2

Plaintiff's vague, generalized assertions of difficulties posed by "the uncertainty and chaos caused by the ongoing pandemic" do not support a finding of excusable neglect for his late filing of his motion for leave to amend.  Pl.'s Mot. to Amend at 4.  In fact, Plaintiff does not even acknowledge the excusable neglect standard.  *See id.*; *Miley v. Hard Rock Hotel & Casino Punta Cana*, No. 19-CV-3381 (CKK), 2021 WL 1734919, at *2 (D.D.C. May 3, 2021) ("[T]he Court may only consider Plaintiff's motion [to late file] . . . if she 'failed to act because of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)(1)(B))).  In determining whether to find excusable neglect, courts consider "'(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'"  *Miley*, 2021 WL 1734919, at *2 (quoting *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003)).  This Court has held that "'[t]he moving party's fault is the most important single factor.'"  *Id.* (quoting *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14–15 (D.D.C. 2003)).

Here, the only explanation Plaintiff provides for his failures is the "uncertainty and chaos caused by the ongoing pandemic," which "has spread [Plaintiff's] counsel's staff fairly thin" and has caused "pandemic-related health concerns either [to Plaintiff's counsel and his staff] or in their immediate famil[ies]."  Pl.'s Mot. at 4.  While sympathetic, these reasons do not suffice to show excusable neglect.  "The moving party's fault is the most important single factor," *Miley*, 2021 WL 1734919, at *2 (citation and internal quotation marks omitted), and in this case, the reason for the delay was certainly within Plaintiff's reasonable control.  *See id.* (finding no excusable neglect where plaintiff mis-calendared the deadline despite lack of significant delay or bad faith).  And Plaintiff was clearly on notice of the Court's May 2, 2021 Order to properly

move for leave to amend by May 17, 2021, because he filed an amended pleading on that date. Yet he makes no effort to explain why he could file that pleading but not contemporaneously properly move for leave from this Court. Thus, Plaintiff fails to show excusable neglect for his untimely motion for leave to amend that is also in violation of the Court's May 2, 2021 Order and the Court's Local Rules. *See Jarvis v. Parker*, 13 F. Supp. 3d 74, 79–80 (D.D.C. 2014) ("To excuse such failure to consult the Local Rules without consequence would open the door for any basic procedural error to qualify as excusable neglect.").

Finally, even if Plaintiff could show excusable neglect, his proposed amendment is futile. As shown in Defendants' moving brief in support of their motion to strike, his proposed amendment, which substitutes eight new defendants for the original two, is futile because it does not relate back to the Complaint, and the new claims against the new defendants are therefore time-barred. *See* Defs.' Mot. to Strike at 6-7. The Court should thus deny Plaintiff's untimely motion for leave to amend because the amendment would be futile. *See White v. Hilton Hotels Ret. Plan*, No. 16-CV-856 (CKK), 2019 WL 1440223, at *6 (D.D.C. Mar. 31, 2019) (denying leave to amend complaint because amendment would be futile), *reconsideration denied*, 2019 WL 6877834 (D.D.C. Dec. 17, 2019).

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion.

Date: June 29, 2021				Respectfully submitted,

						KARL A. RACINE
						Attorney General for the District of Columbia

						CHAD COPELAND
						Deputy Attorney General
						Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Steven N. Rubenstein*
STEVEN N. RUBENSTEIN [1013094]
Assistant Attorney General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 727-9624
(202) 741-0592 (fax)
Steven.Rubenstein3@dc.gov

*Counsel for Defendants District of Columbia and Daniel Leo*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JERMAINE WOODS** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 20-cv-782 (CKK) |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Upon consideration of Plaintiff's Motion for Leave to File an Amended Complaint *Nunc Pro Tunc*, Defendants' Opposition, any reply, and the entire record, it is this _____ day of _____ 2021, hereby

**ORDERED** that Plaintiff's Motion is **DENIED**; and it is further

**ORDERED** that the Amended Complaint is **STRICKEN**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**

**SO ORDERED**.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge