# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JERMAINE WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-0782 (CKK)** |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOTITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT *NUNC PRO TUNC*

COMES NOW Plaintiff, by and through the undersigned counsel, and respectfully submits this Memorandum of Points and Authorities in Support of his Reply to Defendant District of Columbia's ("District") Opposition to Plaintiff's Motion for Leave to File an Amended Complaint *Nunc Pro Tunc*. The chief cases relied on by the District in opposition to Plaintiff's motion are inapposite and distinguishable. In further support hereof, Plaintiff states as follows:

## I.     INTRODUCTION

Contrary to Defendant's Opposition, Plaintiff did not *intentionally* fail to comply with the Court's May 2, 2021 Order by not submitting the motion for leave right away. Immediately, Plaintiff as stated herein moved to cure the problem and explained why. Furthermore, given the immediate record, Defendant District of Columbia was not prejudice, nor did it argue that it was. Plaintiff's actions under the circumstances were swift

and fell in line with the standards permitting excusable neglect. Therefore, Plaintiff did not show disregard for the applicable standards thereto; the circumstances herein glaringly demonstrate that Plaintiff's actions were not based on dilatory tactics. Finally, the District's substantive arguments are misplaced and should be presented more appropriately under FRCP 12. *In re Vitamins Antitrust Class Actions,* 327 F.3d 1027, 1209 (D.C. Cir. 2003).

## II.   ARGUMENT

A.  <u>Plaintiff has met the requisite excusable neglect standard.</u>

In its Motion for Leave to File Amended Complaint *Nunc Pro Tunc*, Plaintiff explained the circumstances which caused Plaintiff filing mishap. The Court can find excusable neglect was the reason a litigant did not act in accordance with a court's order. See Rule 6(b)(1)(B), Fed. R. Civ. P.  There are four relevant factors which the Court should examine in order to determine whether there was excusable neglect as the reason for a tardy filing by a party. Those factors set out as follows: "'(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'[3]  As to the first factor, prejudice to the opposing party, the District concedes the absence of prejudice.   The second factor, length of delay and impact on judicial proceedings, is also not at issue because the delay here

---

[3]

occurred during the relative infancy stage of the proceedings.  Accordingly, neither did the District assert that the immediate judicial proceeding was negatively affected.

More importantly, Plaintiff's counsel reached out to counsel for the District *prior* to filing the Motion for Leave to ameliorate the problem by explaining the reasons for the filing mishap and requested its consent, but to no avail. With respect to the third factor, reason for the delay, Plaintiff was very candid about the hardships upon himself and the office staff within the firm as a result of the reach of the COVID-19 pandemic and the corresponding backlog and staff issues.

Finally, under factor four the Court considers whether the movant acted in good faith.  In this case, Plaintiff has acted in good faith. As the Court's May 2, 2021 Order directed Plaintiff to file the Amended Complaint, Plaintiff did so. This demonstrates good faith even though Plaintiff experienced some oversight by not submitting the motion for leave to file the Amended Complaint out of time. However, Plaintiff moved to remedy the oversight immediately when it was brought to his attention. This translates into a good faith effort.  In this instance, the error at issue is more one of form over substance, unlike the asserted grasped omission of the government's more serious use of force report in a slightly confusing litany of the Department's recorded rendition of events.

In this connection, the District places great weight on *Miley v. Hard Rock Hotel & Casino Punta Cana,* No. 19-CV-3381 (CKK), 2021 WL 1734919, at *2 (D.D.C. May 3, 2021).  In *Miley*, the Court dismissed a *pro se* litigant's complaint for not responding to a

motion to dismiss. The facts therein are fundamentally distinct from the facts in this case. Further, it is clear from the articulated reasons for filing the motion for leave tardy that Plaintiff has met his burden here. Above all, a short delay in this case for not complying with the Federal Rules of Civil Procedure should not arm the District with a legitimate basis for a motion-to-dismiss-type Opposition to Plaintiff's Motion for Leave to File Amended Complaint *Nunc Pro Tunc.* For this reason, defendant argument here should be rejected.

B. Plaintiff's complaint is not futile.

Defendant's argument that Plaintiff's Amended Complaint is futile is equally misplaced. Again, Fed. R. Civ. P. 12(b) is the appropriate means for attacking the validity of a complaint. Defendant summarily asserts at page 4 of its motion that the Amended Complaint is futile and time barred without further discussion. One thing about this circuitous record here is that Defendant, by way of its recent filings, reveal significant factual and legal vulnerabilities. Police fired multiple shots at an individual who was subsequently arrested; by admissions, the required police use of force paperwork is non-existent. While the District may believe that it has defenses, its defenses do not make the immediate claims futile. It can't just allow officers to fire their service weapons and then suggest the absence of corresponding legal implications. To this end the substantive nature of the amended complaint combined with Plaintiff's decision not to proceed against a previously named Defendant readily suggests good faith on Plaintiff's behalf. Also, this is

the Plaintiff's first attempt to amend its complaint.  Even more so, Plaintiff's request for

leave is consistent with Rule 15's liberal leave policy.  Plaintiff's proposed amendment

merely clarifies its allegations in a manner necessitated by the absence of an appropriate

use of force report and the department's representations as to the firing of weapon at one

or more persons, nevertheless with vastly similar names. Defendant cites no meritorious

basis upon which this court should deny Plaintiff's motion. There simply is neither bad

faith nor dilatory intent here. *Annie Clay, et al., v.  District of Columbia,* No. 09-1612 (Sept.

30, 2010 D.C.C.).

## III.    CONCLUSION

For the foregoing reasons, this Court is respectfully requested to grant Plaintiff's

Motion for Leave to File Amended Complaint *Nunc Pro Tunc.*

Dated: July 6, 2021.

Respectfully submitted,

/s/ Donald M. Temple
Donald M. Temple #408749
1310 L Street, N.W., #750
Washington, DC 2000
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gmail.com

6