UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERMAINE WOODS,<br>    Plaintiff,<br>    v.<br>DISTRICT OF COLUMBIA and DANIEL LEO<br>    Defendants. | Civil Action No. 20-0782 (CKK) |

**ORDER**
(October 28, 2021)

On May 17, 2021, Plaintiff Jermaine Woods filed a two-count amended complaint based on Officer Fred Rosario's alleged decision to fire multiple rounds at Plaintiff on January 18, 2017. In response to this proposed amendment, Defendants filed a [20] Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice ("Motion to Strike"). Therein, Defendants argue that Plaintiff violated Federal Rule of Civil Procedure 15(a) and Local Rule 7(i) by filing his amended May 17 pleading without first securing Defendants' consent or seeking leave from the Court. *See* Mot. to Strike, ECF No. 20, at 5–6. Defendants also argue that Mr. Woods's proposed May 17 pleading directly violated this Court's May 2, 2021 Order, which specifically instructed Plaintiff to seek leave to amend under Rule 15(a) before filing an amended complaint. *See* Mem. Op. & Order, ECF No. 18, at 3. In addition to these procedural flaws, Defendants contend that both counts in Plaintiff's May 17 pleading are futile and, as such, the Court should deny leave to amend on this separate ground. *See* Mot. to Strike, ECF No. 20, at 5–7.

In response, Plaintiff filed a [21] Motion for Leave to File an Amended Complaint *Nunc Pro Tunc* ("Motion for Leave") on June 15, 2021. In his motion, Plaintiff formally requests that the Court grant him leave to file the May 17 pleading under Rule 15(a). *See* Pl.'s Mot. for Leave, ECF No. 21, at 3–4. But because his Motion for Leave should have accompanied his May 17

1

pleading, Plaintiff also asks the Court to excuse his late filing and accept his June 15 Motion for Leave as timely filed. *See id.* at 4–5. To excuse this tardiness, Plaintiff points to pandemic-related conditions and health complications experienced by counsel. *See id.* at 4.

Presently, both Defendants' [20] Motion to Strike and Plaintiff's [21] Motion for Leave remain pending before the Court. The Court has taken both motions under advisement. At this time, however, the Court will hold these motions in abeyance until further development of the record. Specifically, upon a review of the current record, the Court finds that Plaintiff has not adequately responded to the futility argument presented by Defendants as to Count II of the May 17 amended pleading. The Court will provide Plaintiff with an opportunity to respond to this argument, in accordance with the Court's discussion below.

****

In their Motion to Strike, Defendants argue that Plaintiff's proposed May 17 amendment, including Count II, is futile. *See* Mot. to Strike, ECF No. 20, at 7. Defendants expound on this futility argument by explaining that "[t]he Court 'may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.'" *Id.* (quoting *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010)). Defendants' futility argument focuses primarily on the statute of limitations applicable to Plaintiff's two claims. The Court, however, also construes Plaintiff's futility argument more broadly to mean that this Court should deny Plaintiff's request for leave to amend, if his amended claims would not survive a Rule 12(b)(6) motion for failure to state a claim. This construction is consistent with the case law in this jurisdiction. *See In re Interbank Funding*, 629 F.3d at 216–21 (affirming denial of Rule 15(a) motion based on the amendment's failure to state a plausible claim).

Applying this standard, the Court may deny Plaintiff leave to add a new claim to his pleading, if that claim fails to satisfy Rule 12(b)(6).  Under Rule 12(b)(6), a claim must be "facially plausible," meaning that it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, and legal conclusions couched as factual allegations do not suffice to state a valid claim, *Twombly*, 550 U.S. at 555.  *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

In Count II of his May 17 pleading, Plaintiff proposes adding a claim for civil conspiracy under 42 U.S.C. § 1983.  *See* Proposed Am. Compl., ECF No. 21-1, at ¶¶ 41–43.  "To state a civil conspiracy claim, a plaintiff must demonstrate (1) an agreement between two or more persons; (2) to commit an unlawful action, or to commit a lawful act by unlawful means; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; and (4) the overt act was done pursuant to a common scheme." *Dukore v. District of Columbia*, 970 F. Supp. 2d 23, 33 (D.D.C. 2013), *aff'd*, 799 F.3d 1137 (D.C. Cir. 2015).  Importantly, "[a] plaintiff must set forth more than just conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss." *Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004).

Upon initial review, it is not clear that Plaintiff's civil conspiracy claim in Count II of the May 17 pleading satisfies this standard.  The gravamen of Plaintiff's conspiracy claim is that no Defendant prepared a report documenting Officer Rosario's alleged use of force against Plaintiff on January 18, 2017.  *See* Proposed Am. Compl., ECF No. 21-1, at ¶¶ 19–33, 41–43.  According to Plaintiff, such a use of force report was mandatory, *id.* at ¶ 24, and Defendants' collective failure

to file this report infringed upon Plaintiff's constitutional rights and impeded his "complete and full access to the courts," *id.* at ¶ 29.  But critically, Plaintiff's May 17 pleading does not contain any clear factual allegations that specify the nature of this supposed "cover up" agreement between the defendants.  Instead, Plaintiff offers a conclusory assertion that the defendants "effectively agreed among themselves, by their combined failure to file or cause a [use of force] Report to be filed."  *Id.* at ¶ 42; *compare Trudel v. SunTrust Bank*, 223 F. Supp. 3d 71, 94 (D.D.C. 2016) ("Without more, parallel conduct . . . does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.") (quoting *Twombly*, 550 U.S. at 556–57).  Moreover, it is not clear from the May 17 amended complaint precisely how an "overt act" in furtherance of Defendants' alleged "common scheme" caused an injury to Plaintiff.  *Dukore*, 970 F. Supp. 2d at 33.  These shortcomings directly inhibit the plausibility of Plaintiff's civil conspiracy claim in Count II and weigh in favor of a finding of futility.

Nonetheless, Plaintiff has apparently construed Defendants' futility argument narrowly and has not addressed the question of facial plausibility under Rule 12(b)(6) discussed above.  The Court, therefore, will provide Plaintiff with an opportunity to respond and present an argument as to why Count II of the May 17 pleading states a plausible civil conspiracy claim that survives Defendants' futility challenge.  Plaintiff shall file this supplemental brief by or before **NOVEMBER 8, 2021**.  Absent any supplemental briefing from Plaintiff by November 8, 2021, the Court will rule on the pending motions in this case on the current record as it stands.

**SO ORDERED**.

**Date**: October 28, 2021

                                                        /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge