**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

JERMAINE WOODS

      Plaintiff,

   v.

DISTRICT OF COLUMBIA, *et al.*,

      Defendants.

Civil Action No. 20-0782 (CKK)

---

**MEMORANDUM OPINION**
(March 21, 2022)

On January 14, 2020, Plaintiff Jermaine Woods filed a complaint against the District of Columbia and Metropolitan Police Department Officer Daniel Leo, based on Officer Daniel Leo's alleged decision to fire multiple bullets at Plaintiff on January 18, 2017. The Court dismissed Plaintiff's operative complaint without prejudice for, among other things, failure to state a claim on November 2, 2020. *Woods v. District of Columbia*, 2020 WL 6392775, at *1. Rather than moving for leave to file an amended complaint, Plaintiff moved under Federal Rule of Civil Procedure 60 for reconsideration of the Court's November 2, 2020 Order. After the Court denied that motion, Plaintiff filed the instant [19] Amended Complaint, without first seeking leave of Court. Defendants have moved to strike the proposed Amended Complaint for (1) Plaintiff's failure to first seek leave and (2) on procedural and substantive futility grounds. Plaintiff has moved for leave to file the proposed Amended Complaint *nunc pro tunc*. Because Federal Rule of Civil Procedure 15 forecloses the proposed amended complaint at this junction, and upon consideration of the pleadings,[1] the relevant legal authorities, and the entire record, the

---

[1] The Court's analysis has focused on the following documents:
  - Plaintiff's Amended Complaint, ECF No. 19 ("Am. Compl.");

Court shall **GRANT** Defendants' [20] Motion to Strike the Amended Complaint and Dismiss the

Action with Prejudice and **DENY** Plaintiff's [21] Motion for Leave to File an Amended

Complaint *Nunc Pro Tunc*.

## I.     BACKGROUND

Plaintiff's original complaint alleged that, on January 18, 2017, an off-duty police officer

with the Metropolitan Police Department ("MPD") of Washington, DC reported that the driver of

a vehicle ("Suspect") at the intersection of 3rd and U Streets Northwest had fired multiple

gunshots in the area.  *Woods*, 2020 WL 6392775 at *1.  Sometime thereafter, the Suspect picked

Plaintiff up in his vehicle and drove Plaintiff to his home.  *Id.*  Plaintiff was allegedly unaware of

the shooting or the Suspect's alleged involvement.  *Id.*  MPD officers, including (as alleged in

the original complaint) Officer Daniel Leo, located the Suspect's car and followed the car to

Plaintiff's home.  *Id.* at *2.  When Plaintiff exited the car, so too did Officer Leo exit his squad

car and allegedly "instantly began to fire his service weapon at Plaintiff without uttering a single

---

- Defendants' Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice ("Defs.' Mot."), ECF No. 20;
- Plaintiff's Motion for Leave to File an Amended Complaint *Nunc Pro Tunc*, ECF No. 21 ("Pl.'s Mot.");
- Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Amended Complaint, ECF No. 22 ("Pl.'s Opp.");
- Defendants' Reply in Support of Defendants' Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice, ECF No. 23 ("Defs.' Repl.")
- Defendants' Opposition to Plaintiff's Motion for Leave to File an Amended Complaint *Nunc Pro Tunc*, ECF No. 24 ("Defs.' Opp."); and
- Plaintiff's Memorandum of Points and Authorities in Further Support of Plaintiff's Reply to Defendants' Oppotition [sic] to Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 25 ("Pl.'s Repl.").

The Court did not find consideration of Plaintiffs' [27] Supplemental Memorandum necessary or helpful in the resolution of this matter.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

word," while Plaintiff tried to crawl to safety.  *Id.*  None of the rounds struck Plaintiff, but he did sustain injuries during the incident.  *Id.*

Plaintiff filed a civil action against the District of Columbia and Officer Leo in the District of Columbia Superior Court, alleging two common law tort claims and an excessive force claim under 42 U.S.C. § 1983.  ECF No. 1-1.  Defendants removed the case to this Court and moved to dismiss the complaint for failure to state a claim or, in the alternative, for partial summary judgment.  *Woods*, 2020 WL 6392775 at *2.  The Court granted Defendants' motion and dismissed the complaint without prejudice, offering Plaintiff an opportunity to file an amended complaint.  *Id.* at *7.  Rather than so filing, Plaintiff instead moved, pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration of the Court's order dismissing the complaint without prejudice, attaching a proposed amended complaint.  ECF No. 14.  The Court denied that motion because Rule 60(b) provides for reconsideration of only final orders, and dismissal without prejudice is not a final order.  Mem. Op. & Order at 1, ECF No. 18 (May 5, 2021) (slip op.).  In particular, the Court's Memorandum Opinion & Order mandated that, by May 17, 2021, Plaintiff "must either provide the Court with Defendants' written consent to his proposed amend[ed complaint] or, alternatively, file a motion seeking leave to amend under Rule 15(a). Failure to do so will result in complete dismissal of this action with prejudice." *Id.* at 3.

On May 17, 2021, Plaintiff timely filed a proposed amended complaint, ECF No. 19, but did not file a motion for leave to amend the original complaint.  Accordingly, Defendants moved to strike the Amended Complaint and to dismiss the action with prejudice pursuant to the Court's [18] Order.  Defs.' Mot. at 1.  Plaintiff responded by filing a motion for leave to file an amended complaint *nunc pro tunc*, attaching the [19] Amended Complaint.  Pl.'s Mot. at 1.

As to the alleged use of excessive force, the [19] Amended Complaint makes the same factual allegations, but instead claims that an Officer Fred Rosario, as opposed to Officer Leo, fired the shots at Plaintiff.  Am. Compl. ¶¶ 13-14.  The Amended Complaint also adds a new claim of civil conspiracy, alleging a coverup of the incident by failing to file a "use of force" report that would have memorialized the shooting, and a variety of new defendants against which Plaintiff would assert that claim.  *Id.* ¶¶ 20, 42.  The Amended Complaint also alleges that, in a press briefing, Interim Police Chief Peter Newsham announced that "police investigators were checking to determine if the officers involved had activated their body camera."  *Id.* ¶ 35 (emphasis omitted).

## II.   LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure 15(a), "a party may amend its pleading only with the party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court "may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss."  *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010).  Otherwise, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party . . . the leave sought should . . . be freely given."  *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006).

## III.   LEGAL STANDARD

### A.  Leave to File *Nunc Pro Tunc*

As an initial matter, the Court must first determine whether to grant Plaintiff leave to file his motion to amend and proposed amended complaint after the deadline imposed in the Court's

[18] Memorandum Opinion & Order.  The Court may only consider the motion if Plaintiff "failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "Four factors guide the Court's determination of when a late filing may constitute 'excusable neglect:' '(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'"  *Miley v. Hard Rock Hotel & Casino Punta Cana*, 537 F. Supp. 1, 4 (D.D.C. 2021) (cleaned up) (quoting *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003).  The moving party's fault is "the most important single factor."  *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14-15 (D.D.C. 2003).

Plaintiff's excuses do not satisfy this burden.  Counsel for Plaintiff vaguely asserts that "the uncertainty and chaos caused by the ongoing pandemic" caused him to misfile the amended complaint without the motion for leave to file the amended complaint.  The fact that Plaintiff made *a* timely filing shows that the "uncertainty and chaos" did not stop him from complying with the deadline.  Rather, it appears, inattention to the Court's order and to the Federal Rules caused an insufficient filing.  Because "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *Pioneer Inv. Servs. Co. v. Brunwick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993), the Court would be inclined deny Plaintiff's request to late file his motion to amend.  *See also Jarvis v. Parker*, 13 F. Supp. 3d 74, 79-80 (D.D.C. 2014) (without more, "basic procedural error [does not] qualify as excusable neglect").  Nevertheless, the Court shall exercise its discretion to consider the motion to amend itself.

### B.  Leave to Amend

#### 1.  Civil Conspiracy Claim

To accept Plaintiff's proposed addition of a civil conspiracy claim, it must "relate back" to the original pleading because, as Plaintiff concedes, the applicable statute of limitations has run.  *See Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013) (JEB) (construing Fed. R. Civ. P. 15(c)); *see also Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (failure to respond to substantive argument in opposition concedes the point).  In other words, the civil conspiracy claim must "ar[i]se out of the [same] conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  *Id.* (c)(1)(B).  Here, the acts in furtherance of the alleged conspiracy to fail to log a "use of force" report necessarily took place *after* the use of force itself.  Am. Compl. ¶ 20.  The claim cannot, therefore, arise from the same transaction or occurrence because it is "'new claim based on a different set of facts.'"  *La. Wholesale Drug Co., Inc. v. Biovail Corp.*, 473 F. Supp. 2d 79, 87 (D.D.C. 2006) (quoting *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002)).  Indeed, the claim arises not just from a new set of facts, but is an entirely different injury than that which was alleged in the original complaint, further foreclosing such an argument.  *Id.* (holding that, even where "the new claim arose from *the same injury* as the original claim, it would not 'relate back' [where] it involved 'separate and distinct conduct'" (quoting *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002)).  Accordingly, Rule 15(c) does not permit amendment to include a new claim of civil conspiracy.

#### 2.  Excessive Force Claim

Although the amendments to Plaintiff's excessive force claim necessarily arise from the same conduct, Plaintiff must further show that the substituted defendant, Fred Rosario, "received

such notice of the action that [he] will not be prejudiced in defending on the merits[] and knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).  Notice may be "actual," i.e., evidence that the putative defendant knew of the suit within the time for service of the original complaint, or "constructive," i.e., evidence that the putative defendant should have known based on his relationship to the present defendant.  *See Page v. Pension Ben. Guar. Corp.*, 130 F.R.D. 510, 513 (D.D.C. 1990). The latter may be shown through "identity in interest" or "shared representation."  *See Bayatfshar v. Aeronatuical Radio, Inc.*, 934 F. Supp. 2d 138, 143 (D.D.C. 2013).  The former generally arises in the corporate context, where notice to one defendant is notice to the putative other.  *See id.*  The other, somewhat more applicable here, arises where present and putative defendant share counsel during the time of service.  *See e.g.*, *Blaskiewics v. Cty. of Suffolk*, 29 F. Supp. 2d 134 (E.D.N.Y. 1998); *Smith v. City of Philadelphia*, 363 F. Supp. 2d 795, 800 (E.D. Pa. 2005).

On the Court's review, it does not appear that this jurisdiction has had occasion to apply the second form of constructive notice.  Indeed, another court of this jurisdiction appeared to implicitly reject it in *Philogene v. District of Columbia*, holding that an MPD officer did not receive constructive notice of a suit against the District of Columbia alleging harassing behavior on his part, even though the Office of the Attorney General of the District of Columbia (as here) represents both parties in a such suit.  864 F. Supp. 2d 127, 134 (D.D.C. 2012) (RC).  Of the courts that apply such a doctrine, it is clear that the parties must share representation *during the time of service.  See Smith*, 363 F. Supp. 2d at 800.  Because Officer Rosario left MPD in 2018, Defs.' Mot. at 6, he was not represented by the same counsel at such a time.  Accordingly, as the proposed amended complaint does not relate back to the original, and because the proposed

7

amended complaint abandons the present defendants, Plaintiff's motion for leave to amend his complaint, even if timely, must be denied.[2]

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANT** Defendants' [20] Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice and **DENY** Plaintiff's [21] Motion for Leave to File an Amended Complaint *Nunc Pro Tunc*.  An appropriate order accompanies this Memorandum Opinion.

Dated: March 21, 2022                          _____/s/_____
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge

---

[2] As the Court has concluded that the motion is futile on these procedural grounds, it need not consider whether the proposed amended complaint would state a claim.