UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JERMAINE WOODS** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 20-cv-782 (CKK) |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

**INTRODUCTION**

After unsuccessfully moving for reconsideration of the Court's initial order dismissing his complaint without prejudice, disobeying the Court's order to either seek Defendants' consent or move for the Court's leave to file an amended pleading, and failing to offer any facts demonstrating the non-futility of his proposed amended pleading, Plaintiff now seeks yet another bite of the apple and moves for reconsideration of the Court's final, appealable March 21, 2022 Order dismissing this case with prejudice. For the manifold reasons discussed below, the Court should deny Plaintiff's motion. First, Plaintiff's motion fails on procedural grounds. He failed to seek Defendants' consent and relies on the wrong rule of civil procedure, Rule 54(b), in support of his motion. And even if the motion is considered under applicable rules, it still cannot clear the necessary bar. Moreover, even if the Court were to consider the merits of Plaintiff's arguments, none of them advance his cause.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 14, 2020, Plaintiff brought a lawsuit in the Superior Court of the District of

Columbia asserting two common law negligence claims and an excessive force claim under 42 U.S.C. § 1983 against Metropolitan Police Department Officer Daniel Leo and the District of Columbia (the District) (collectively, "Defendants"). *See* Compl. [1-1]. Defendants removed Plaintiff's action to this Court, *see* Not. of Removal [1-3], and subsequently moved to dismiss Plaintiff's action in its entirety under Rule 12(b)(6) or, in the alternative, under Rule 56. *See* Defs.' Mot. to Dismiss [6]. Defendants argued that Plaintiff's common law claims against the District failed because Plaintiff did not provide proper notice of those claims under D.C. Code § 12-309, and that he failed to state plausible negligence and § 1983 claims against the District or Officer Leo. *See generally id.* The Court agreed, dismissing Plaintiff's common law claims against the District because Plaintiff did not demonstrate compliance with D.C. Code § 12-309, all claims against the District for Plaintiff's failure to state a claim upon which relief can be granted, all claims against Officer Leo in his official capacity as duplicative, and each of Plaintiff's claims against Officer Leo in his individual capacity for failure to state a claim upon which relief can be granted. *See* Nov. 2, 2020 Mem. Op. at 4-16 [13]. The Court dismissed the Complaint without prejudice. *See* Nov. 2, 2020 Order [12].

      Rather than simply amending his complaint, Plaintiff instead moved under Federal Rule of Civil Procedure 60(b) for reconsideration of the Court's order dismissing the Complaint without prejudice, attaching a proposed amended complaint. *See* Pl.'s First Mot. for Reconsideration [14]. The Court denied that motion because Rule 60(b) only provides for reconsideration of final orders, and a dismissal without prejudice is not a final order. May 5, 2021 Mem. Op. & Order at 1 [18]. The Court's Memorandum Opinion & Order mandated that, by May 17, 2021, Plaintiff "must either provide the Court with Defendants' written consent to his proposed amend[ed complaint] or, alternatively, file a motion seeking leave to amend under

2

Rule 15(a).  Failure to do so will result in complete dismissal of this action with prejudice." *Id.* at 3.

On May 17, 2021, Plaintiff filed a different proposed amended complaint but neither filed a motion for leave to amend the original complaint nor sought Defendants' consent to the amendment.  *See* Am. Compl. [19].  Defendants moved to strike the proposed amended complaint and to dismiss the action with prejudice pursuant to the Court's May 5, 2021 Order.  Defs.' Mot. to Strike [20].  Plaintiff responded by filing a motion for leave to file an amended complaint *nunc pro tunc*.  Pl.'s Mot. Amend Compl. *Nunc Pro Tunc* [21].

On March 21, 2022, the Court granted Defendants' motion to strike, finding that Plaintiff did not establish excusable neglect for his failure to timely move for leave to amend, and that, in any event, his proposed amendment would be procedurally futile because neither his newly-raised civil conspiracy claim against previously unnamed defendants nor his excessive force claim against another previously unnamed defendant, Officer Fred Rosario, could relate back to his original complaint and were therefore time-barred.  *See* Mar. 21, 2022 Mem. Op. [29].  The Court dismissed the action with prejudice and stated that its Order was a final, appealable order.  Mar. 21, 2022 Order [28].

## ARGUMENT

**The Court Should Deny Plaintiff's Motion for Reconsideration.**

    **A.**    **Plaintiff's Motion for Reconsideration Under Fed. R. Civ. P. 54(b) Is Procedurally Improper, and Even If the Motion is Considered Under Rule 59(e) or Rule 60(b), the Motion Still Fails.**

To start, Plaintiff did not comply with the duty to confer requirement of Local Civil Rule 7(m). Citing the incorrect rule, Plaintiff states that "[a]s required by Super. Ct. Civ. R. 12-I(a), [his counsel] conferred with opposing counsel regarding this request.  Defense counsel does not

consent to the relief requested." Pl.'s Second Mot. for Reconsideration [30] at 1. No such discussion or communication occurred. On this ground alone, the Court may deny Plaintiff's motion. *See Vemuri v. Napolitano*, 771 F. Supp. 2d 27, 28 (D.D.C. 2011) (denying motion to file opposition to motion to dismiss out of time based on plaintiff's failure to comply with LCvR 7(m)).

Next, Plaintiff's motion for reconsideration under Fed. R. Civ. P. 54(b) is procedurally improper. As Plaintiff acknowledges, that rule only applies to "interlocutory order[s]" made "'at any time before the entry of a judgment[.]'" Pl.'s Mem. at 2 (quoting *Montgomery v. IRS*, 356 F. Supp. 3d 74, 79 (D.D.C. 2019)). But the Court's March 21, 2022 Order was not an interlocutory order; it dismissed the action with prejudice and expressly stated that it was a "final appealable order." Mar. 21, 2022 Order. Accordingly, Fed. R. Civ. P. 54(b) does not apply here.

And even if Plaintiff's motion could be construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), the motion is too late. That rule requires that a party file the motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Plaintiff did not file his motion until 30 days after the Court's March 21, 2022 Order, two days too late. And it is well settled that a court has no discretion to enlarge the 28-day deadline set by Rule 59(e). *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 98 (D.D.C. 2015) ("After twenty-eight days have passed, the Court cannot grant relief under Rule 59(e) and the Court does not have the authority to extend this deadline.") (citing Fed. R. Civ. P. 6(b)(2)). He therefore cannot obtain relief under Fed. R. Civ. P. 59(e), either.

To the extent that Plaintiff's motion could be construed as a motion for relief from a final judgment under Fed. R. Civ. P. 60(b), he fails to justify such extraordinary relief. Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order,

or proceeding" on one of six enumerated grounds. Fed. R. Civ. P. 60(b). Because Plaintiff does not cite to that rule, he does not make any arguments related to these enumerated grounds. But even if he had, he would not be able to make the stringent showing necessary to obtain relief under Fed. R. Civ. P. 60(b). *See United States v. Phillip Morris USA, Inc.*, 686 F.3d 839, 843 (D.C. Cir. 2012) (contrasting Rule 60's "high bar for modification" with Rule 59(e)).

To start, nothing in Plaintiff's motion suggests that Plaintiff has obtained "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; alleges "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; or contends that "the judgment is void." *See* Fed. R. Civ. P. 60(b)(2-4);[1] Pl.'s Mem.

Moreover, he cannot obtain relief under Fed. R. Civ. P. 60(b)(1), which concerns "mistake, inadvertence, surprise, or excusable neglect." *Id.* The Court has already found that Plaintiff did not show excusable neglect to justify his late filing of his motion for leave to amend, and Plaintiff offers no new reason to depart from that ruling. *See* Mar, 21, 2022 Mem. Op. at 5; Pl.'s Mem. Additionally, the D.C. Circuit has "defined 'mistake' in Rule 60(b)(1) to include substantive legal errors," but only "in a highly limited circumstance"—where the controlling law of the Circuit had changed between the court's entry of judgment and the filing of the Rule 60(b)(1) motion. *D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 453 (D.C. Cir. 1975) (per curium). Plaintiff makes no argument that any such change in controlling law is present here. *See* Pl.'s Mem. Nor does he identify any controlling decision with which the Court's decision conflicts. *See id.* Instead, he relies on unreported decisions from other jurisdictions and a District Court decision from 2013 that merely lays out the requirements of Fed. R. Civ. P 15(c),

---

[1] Fed. R. Civ. P. (60)(b)(5) would also be inapplicable under these circumstances.

requirements the Court properly applied in its March 21, 2022 Memorandum Opinion. *See id.* at 5-9; Mar. 21, 2022 Mem. Op. at 6-8. Thus, he has not shown any "mistake" that warrants relief under Fed. R. Civ. P. 60(b)(1).

Nor does Rule 60(b)(6) save Plaintiff. The Supreme Court has consistently held that Rule 60(b)(6) motions should only be granted in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). The D.C. Circuit has "similarly observed that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). Here, Plaintiff does not come close to identifying extraordinary circumstances warranting relief under Rule 60(b)(6). Instead, he merely disagrees with the Court's decision and presses arguments that he could have, but did not, raise in his earlier briefing. But "the case law makes clear that Rule 60(b)(6) is not an opportunity for unsuccessful litigants to take a mulligan." *Kramer*, 481 F.3d at 792. The Court already offered Plaintiff a second chance to demonstrate that his proposed amended complaint was not futile, *see* Oct. 28, 2021 Order [26]; it should therefore reject his attempted mulligan of a mulligan.

Because there are no grounds to provide Plaintiff the relief he seeks—whether his motion is construed under Rule 54(b), Rule 59(e), or Rule 60(b)—the Court should deny Plaintiff's motion for reconsideration.

## B. Even If the Court Were to Consider the Merits of Plaintiff's Arguments, Plaintiff Fails to Offer Any Grounds Entitling Him to Reconsideration.

Even on the merits, Plaintiff's arguments do not hold water. Therefore, the Court should deny Plaintiff's motion for reconsideration.

First, for the civil conspiracy claim in his proposed amended complaint, Plaintiff relies on boilerplate allegations from his original complaint to argue that his initial pleading provided sufficient notice of a civil conspiracy claim premised on an intentional failure to log a use of force report. *See* Pl.'s Mot. at 4-5. But neither of the allegations supplied any factual content pertaining to any purported recordkeeping conspiracy. *See id.* Thus, the Court correctly held that the Complaint did not allege any conspiracy to fail to log a "use of force" report or any purported injury arising therefrom, and he therefore cannot relate such a newly-minted claim back to his original pleading. *See* Mar. 21, 2022 Mem. at 6; *see also Mayle v. Felix*, 545 U.S. 644, 650 (2005) (holding that an amended complaint does not relate back if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth"); *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002) (holding that an amendment that "attempts to introduce a new legal theory based on facts different from those underlying the timely claims" does not relate back).

Second, Plaintiff once again fails to show the actual or constructive notice of now-retired Officer Rosario, which is necessary to relate his proposed amended complaint's excessive force claim back to his original pleading. He now argues for the first time that the Court should have determined that Officer Rosario had constructive knowledge of the lawsuit within the limitations period "by way of the District/MPD's counsel" or through "Officer Rosario's 'identity of interest' with the District/MPD and/or Officer Leo." Pl.'s Mem. at 6. But Plaintiff does not identify any binding case law or any other decisions finding constructive notice under

7

comparable circumstances, either under an "identity of interest" or shared counsel theory. *See* Pl.'s Mem. at 7-9. Indeed, that Officer Rosario was a former employee of the District is not enough to establish an "identify of interest." *See Newman v. Amazon.com, Inc.*, No. 21-CV-531 (DLF), 2022 WL 971297, at *9 (D.D.C. Mar. 31, 2022) ("As simply an employee of Amazon at the time, he did not have an 'identity of interest' with the company."). Moreover, it is undisputed that the Office of the Attorney General did not represent former Officer Rosario at the time of service; he retired from MPD in 2018—years before Plaintiff filed his complaint—so Plaintiff's shared counsel theory also fails.[2] *See* Mar. 21, 2022 Mem. at 7.

Plaintiff also argues in the alternative that "the Court could not properly and definitively resolve the issue of notice without providing Plaintiff with the opportunity to file his Amended Complaint and obtain discovery to ascertain whether Officer Rosario had timely actual notice of the action." Pl.'s Mem. at 8. But it is Plaintiff's burden to demonstrate actual notice, and he did not meet it. *See Frett v. Howard Univ.*, 24 F. Supp. 3d 76, 85 (D.D.C. 2014) ("Plaintiff's complaint and briefs are devoid of any facts regarding when, where, or how the non-University Howard defendants received actual notice, which means that her entire argument turns [on] the legal proposition that Howard's knowledge of the EEOC charge can be imputed to the other defendants. Unfortunately for plaintiff, that is not the law."). And Plaintiff had multiple opportunities to allege facts showing Rosario's actual notice, yet he failed to do so and continues to offer nothing suggesting actual notice. *See* Pl.'s Mem. at 8. Accordingly, Plaintiff cannot

---

[2] Representation by the Office of the Attorney General (OAG) of current and former District employees is not automatic. Current or former District employees sued in their individual capacities must affirmatively request representation by OAG, which OAG must then approve before any such representation may commence. Current and former District employees may also retain their own private counsel. OAG never received any request for OAG's representation from Rosario, which is unsurprising considering that he was not named as a defendant in the original complaint and has apparently never been served.

relate his amended complaint back to the original Complaint, and the proposed amendment would therefore be futile.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion.

Date:  May 4, 2022                                    Respectfully submitted,

                                                      KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Steven N. Rubenstein*
STEVEN N. RUBENSTEIN [#1013094]
Assistant Attorney General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 727-9624
(202) 741-0592 (fax)
Steven.Rubenstein3@dc.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERMAINE WOODS** | ) |
| **Plaintiff,** | ) |
| v. | )  20-cv-782 (CKK) |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) |
| **Defendants.** | ) |

**ORDER**

Upon consideration of Plaintiff's Motion for Reconsideration, Defendants' opposition, any reply, and the entire record, it is this _____ day of _____ 2022, hereby

**ORDERED** that Plaintiff's Motion is **DENIED**.

**SO ORDERED**.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge