UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JERMAINE WOODS, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 20-0782 (CKK) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

**A.     Plaintiff's Motion for Reconsideration is Meritorious**

First, Defendants wrongly allege that Plaintiff's Motion for Reconsideration should be denied for failure to confer with opposing counsel prior to filing the motion. However, in contrast to the situation presented in *Vemuri v. Napolitano*, 771 F. Supp. 2d 27, 28 (D.D.C. 2011) – the case on which Defendants incorrectly rely – Plaintiff's Motion provided the required statement concerning Defendants' opposition. Defendants provide no affidavit or other evidence to refute Plaintiff's statement. Hence, Defendants' objection to Plaintiff's statement should be disregarded.

Second, regardless of whether Plaintiff's Motion for Reconsideration is evaluated under Fed. R. Civ. P. 54(b) or 60(b), the Motion is meritorious. Plaintiff met the test for establishing excusable neglect under either Rule.

With regard to Rule 60(b)(1), Defendants inaccurately depict the scope of available relief on reconsideration. Contrary to Defendants' suggestions, the D.C. Circuit has "declined to decide" the circumstances in which a trial judge's error in legal reasoning is correctable on reconsideration under Rule 60(b)(1). *Computer Professionals for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d

897, 903 (D.C. Cir. 1996), *amended* (Feb. 20, 1996); *see also Ctr. for Nuclear Resp., Inc. v. U.S. Nuclear Regul. Comm'n*, 781 F.2d 935, 939 (D.C. Cir. 1986).

In addition, this Court has previously granted Rule 60(b)(1) relief to parties on the grounds of clear legal error by the district judge. *See, e.g.*, *Owens v. Republic of Sudan*, 174 F. Supp. 3d 242, 285 (D.D.C. 2016), *aff'd*, 864 F.3d 751 (D.C. Cir. 2017), *cert. granted in part*, *Opati v. Republic of Sudan*, 139 S. Ct. 2771, 204 L. Ed. 2d 1155 (2019), *and vacated on other grounds and remanded*, 140 S. Ct. 1601, 206 L. Ed. 2d 904, *and cert. denied*, *Republic of Sudan v. Owens*, 140 S. Ct. 2819, 207 L. Ed. 2d 151, *and cert. denied*, *Republic of Sudan v. Opati*, 140 S. Ct. 2820, 207 L. Ed. 2d 151 (2020); *Lewis v. U.S. Parole Comm'n*, 841 F. Supp. 2d 56, 61-62 (D.D.C. 2012). A district judge makes an obvious error of law when his/her "judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987), *cert. denied*, 484 U.S. 1075, 108 S. Ct. 1052, 98 L. Ed. 2d 1014 (1988).

In addition, this Court has previously recognized that "the majority of circuits allow a party to file a Rule 60(b)(1) motion for relief upon reconsideration for a judicial mistake of law[.]: *Lewis*, 841 F. Supp. 2d at 61 n.4; *see also Elec. Privacy Info. Ctr. v. U.S. Dept. of Homeland Sec.*, 811 F. Supp. 2d 216, 227 n.3 (D.D.C. 2011). "For the purpose of doing substantial justice, Rule 60(b) motions must be liberally construed." *Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir. 1983). Thus, the word "mistake" in Rule 60(b)(1) should be broadly interpreted to include "any type of mistake or error on the part of the court," including a legal mistake. *Barrier v. Beaver,* 712 F.2d 231, 234 (6th Cir. 1983); *see also Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966).

It is well-established that "an application to open or vacate a judgment is addressed to the sound legal discretion of the trial court." *Bush v. Bush*, 63 F.2d 134, 135 (D.C. Cir. 1933). If the court has the authority under Rule 60(b)(1) to correct its own mistake in legal reasoning, the strong public policy that courts should prevent injustice from occurring will be furthered. *Meadows v. Cohen*, 409 F.2d 750, 752 n.4 (5th Cir. 1969). The "desirability of finality" cannot override the need to avoid an unjust result. *Id.*

The clear errors of legal reasoning that led the Court here to deny Plaintiff leave to file his proposed Amended Complaint are detailed in Plaintiff's initial Memorandum of Points and Authorities. These errors are redressable upon Plaintiff's Motion for Reconsideration under either Rule 54(b) or Rule 60(b)(1).

Additionally, Plaintiff is entitled to relief under Rule 60(b)(6). The "underlying purpose" of Rule 60(b)(6) is "to ensure that justice and fundamental fairness are not defeated." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 8 (D.D.C. 1993), *aff'd*, 49 F.3d 760 (D.C. Cir. 1995). The district court has the discretionary authority to set aside a judgment under this Rule based on the circumstances of the case before it. *Id.*

**B.   Defendants Fail to Rebut Plaintiff's Substantive Arguments**

Defendants fail to provide any facts or law to rebut Plaintiff's claim that the District's failure to file a "use of force" report was part of an unbroken chain of wrongful conduct that began with Officer Rosario's act of shooting at Plaintiff without cause. Contrary to Defendants' suggestions, the proposed conspiracy claim does not depend on "facts different from those underlying the timely claims[.]" *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002). Thus, Defendants fail to show that Plaintiff's proposed conspiracy claim does not relate back to the filing of the original Complaint within the meaning of Rule 15.

Further, Defendants fail to rebut Plaintiff's identity of interest theory of constructive knowledge by Officer Rosario. Defendants offer no substantive arguments to oppose the caselaw and legal analysis provided in Plaintiff's initial Memorandum.

Moreover, Defendants' reliance on *Newman v. Amazon.Com, Inc*., No. 21-cv-531 (DLF), 2022 U.S. Dist. LEXIS 60951, 2022 WL 971297 (D.D.C. Mar. 31, 2022), is misplaced. In that case, Newman, an African-American female employee of Amazon, filed a complaint against Amazon with the Washington, D.C. Office of Human Rights regarding gender and racial discrimination by her supervisors, including Maz. Although Newman did not name Maz as a defendant to that complaint, she later alleged that Maz had constructive notice of her complaint through an identity of interest with Amazon. In rejecting this allegation, the court stated that "[a]s simply an employee of Amazon at the time, [Maz] did not have an 'identity of interest' with the company." *Newman*, 2022 U.S. Dist. LEXIS 60951, at *31, 2022 WL 971297, at *9.

Unlike Maz, Officer Rosario was not acting as "simply an employee" of the District at the time he shot at Plaintiff. A shooting by a District police officer at a civilian such as Plaintiff is an extraordinary event that necessarily elevates the identity of interest between the District/MPD and the officer well beyond that of a garden variety employer-employee relationship. *See Torbit v. Balt. City Police Dep't*, 231 Md. App. 573, 588, 153 A.3d 847, 855 (describing a police shooting as "an extraordinary event"), *cert. denied*, 453 Md. 30, 160 A.3d 557 (2017). Clearly, Officer Rosario and the District/MPD were functioning as a single, unified pairing at the time of the shooting event. Thus, Defendants' reliance on *Newman* is unavailing.

Finally, Defendants' claim that the Court properly denied Plaintiff leave to amend his Complaint because Plaintiff has not proven actual notice by Officer Rosario is dissembling at best. The District's own recalcitrance has caused the delay in Plaintiff's obtaining of proof on this issue.

As discussed in Plaintiff's prior Court filings, the District concealed the identity of the Officer who shot at Plaintiff and refused to provide any relevant information to Plaintiff concerning the shooting for as long as it possibly could. By the time that Plaintiff finally obtained this basic information, the statute of limitations had expired. "[J]ustice and fundamental fairness" demand that Plaintiff be given a fair opportunity to ascertain and obtain evidence as to whether Officer Rosario had actual notice of Plaintiff's lawsuit within the limitations period; therefore, Plaintiff's Motion for Reconsideration should be granted. *Richardson*, 150 F.R.D. at 8.

## CONCLUSION

For the foregoing reasons as well as for the reasons set forth in Plaintiff's initial Memorandum of Points and Authorities, Plaintiff's Motion for Reconsideration should be granted. The Court should reconsider and set aside its ruling denying Plaintiff's Motion for Leave to File an Amended Complaint *Nunc Pro Tunc* and granting Defendants' Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice.

Dated: May 11, 2022

Respectfully submitted,

*/s/ Donald M. Temple*
Donald M. Temple #408749
1310 L Street, N.W., Suite 750
Washington, D.C. 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gmail.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on May 11, 2022, I served, by electronic filing, a copy of this document on:

Steven Nathan Rubenstein
OFFICE OF ATTORNEY GENERAL/DC
Civil Litigation Division
400 6th St. NW
Washington, DC 20001
(202) 727-9624
Fax: (202) 741-0592
Email: steven.rubenstein3@dc.gov
*Attorney for Defendants*

        */s/ Donald M. Temple*
        Donald M. Temple #408749
        1310 L Street, N.W., Suite 750
        Washington, D.C. 20005
        Tel: (202) 628-1101
        Fax: (202) 628-1149
        dtemplelaw@gmail.com
        *Attorney for Plaintiff*