UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JERMAINE WOODS, | ) ) ) | Civil Action No. 20-0782 (CKK) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) |  |
| Defendants. | ) ) |  |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ADDRESSING
THE CONSEQUENCES OF *KEMP v. UNITED STATES***

I. **INTRODUCTION**

This matter is before the Court on the Plaintiff's Motion for Reconsideration of Court's Order Granting Defendants' Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice and Denying Plaintiff's Motion for Leave to File an Amended Complaint *Nunc Pro Tunc* [Doc. No. 30]. The Plaintiff's Motion for Reconsideration was fully briefed by the parties [Docs. No. 30-1, 31, 32], including in the Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Reconsideration [Doc. 32]. After the submission of the Plaintiff's Reply, the United States Supreme Court decided *Kemp v. United States*, 142 S. Ct. 1856 (2022), which settled the meaning of the term "mistake" in Rule 60(b)(1) of the Federal Rules of Civil Procedure. Because the Plaintiff is seeking relief under Rule 60(b)(1), the Court, in its Minute Order entered on October 26, 2022, ordered the parties to file supplemental briefing specifically "addressing the consequences" of the Supreme Court's decision in *Kemp*.

The Supreme Court held in *Kemp* that the term "mistake" in Rule 60(b)(1) includes a judge's errors of law. Such errors include "*all* mistakes of law made by a judge," *id.* at 1862

1

(emphasis added), and not just "obvious" legal errors or, as the Defendants have argued, errors based on a change of controlling law between the entry of judgment and the filing of the Rule 60(b)(1) motion.

Plaintiff has asserted that the Court committed various legal errors in granting the Defendants' Motion to strike the Amended Complaint and denying the Plaintiff's Motion for leave to file an Amended Complaint. Therefore, the most important consequence of *Kemp* in this case is that if the Court concludes that it did, in fact, commit one or more errors in ruling against the Plaintiff and in favor of the Defendants, then the Court may, and should, grant the Plaintiff's Motion for Reconsideration and permit the Plaintiff to file his Amended Complaint. Further support for this requested relief is stated more fully below.

## II. ARGUMENT

**IN LIGHT OF *KEMP*, THE COURT MAY GRANT RELIEF FROM ITS FINAL ORDER UNDER RULE 60(b)(1) BASED ON ANY ERROR IN THE COURT'S DECISION, INCLUDING A LEGAL ERROR**

### A. The Parties' Pre-*Kemp* Positions

Rule 60(b)(1) permits a party to seek relief from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In their Opposition [Doc. No. 31] to the Plaintiff's Motion for Reconsideration, the Defendants argued that "the D.C. Circuit has 'defined "mistake" in Rule 60(b)(1) to include substantive legal errors,' but only 'in a highly limited circumstance'—where the controlling law of the Circuit had changed between the court's entry of judgment and the filing of the Rule 60(b)(1) motion." (Pls.' Opp'n at 5 (purporting to quote *D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 453 (1975), which did not actually say that).) The Defendants thus argued that the Plaintiff could not obtain relief under

2

Rule 60(b)(1) because he had made "no argument that any such change in controlling law is present here." (*Id.*)

In his Reply, the Plaintiff took issue with the Defendants' position, pointing out that the D.C. Circuit had actually "'declined to decide' the circumstances in which a trial judge's error in legal reasoning is correctable on reconsideration under Rule 60(b)(1)." (Pl.'s Reply at 2 (quoting *Computer Prof'ls for Soc. Responsibility v. U.S. Serv.*, 72 F.3d 897, 903 (1996)).) The Plaintiff also noted that in the absence of controlling authority, "this Court has previously granted Rule 60(b)(1) relief to parties on the grounds of clear legal error by the district judge," and that such error occurs when the "judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law." (*Id.* (internal quotation marks omitted).) In addition, based on authority in other Circuits, the Plaintiff argued for an even broader interpretation of the word "mistake" in Rule 60(b)(1) to "include 'any type of mistake or error on the part of the court,' including a legal mistake." (*Id.* (quoting *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983), and also citing decisions from the Seventh and Ninth Circuit).)

### B. The Supreme Court's Decision in *Kemp*

To resolve the Circuit Courts' "longstanding disagreement whether 'mistake' in Rule 60(b)(1) includes a judge's errors of law," the Supreme Court granted certiorari in *Kemp* to address that specific question. *Kemp*, 142 S. Ct. at 1861 & n.1 (collecting Circuit Court decisions); *see also id.* at 1860 ("The question presented is whether the term 'mistake' includes a judge's error of law."). Based on the text, structure, and history of Rule 60(b), the Supreme Court held that "a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)." *Id.* at 1860. In so holding, the Supreme Court adopted the position advocated by the Plaintiff in this case, that is, that the term

3

"mistake" in Rule 60(b)(1) should be given its broadest interpretation to include *any* mistake, including "all mistakes of law made by a judge." *Id.* at 1862.

The Supreme Court specifically rejected the Government's narrower reading of Rule 60(b)(1) in that case—which, as pointed out in the Plaintiff's Reply, was the rule that had previously been applied by this Court—that the term "mistake" includes "only so-called 'obvious' legal errors." *Id.* The Supreme Court sensibly spared the district courts from having "to decide not only whether there was a 'mistake' but also whether that mistake was sufficiently 'obvious,'" since the plain language of Rule 60(b)(1) "does not support—let alone require—that judges engage in this sort of complex line-drawing." *Id.* at 1863. Thus, the rule going forward could not be any simpler: relief from a final judgment or order may be granted under Rule 60(b)(1) based on a judge's "mistakes," including legal errors.

Having settled that a judge's legal error constitutes a "mistake," the Supreme Court also held that a Rule 60(b)(1) motion seeking relief based on a judge's mistake must be made "'within a reasonable time,'" which "may not exceed one year." *Id.* at 1861 (quoting Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order[.]"); *cf. United States v. Jenkins*, 50 F.4th 1185, ____, 2022 U.S. App. LEXIS 28198, at *25 (D.C. Cir. Oct. 11, 2022) (Rule 60 "permits district courts to grant relief from a judgment for a 'mistake,' including a court's error of law, 'within a reasonable time' of up to one year" (quoting Fed. R. Civ. P. 60(b)(1), (c)(1) and citing *Kemp*, 142 S. Ct. at 1861-62)). The Supreme Court declined to "define the 'reasonable time' standard" in *Kemp* but did note that the Circuit Courts "have used it to forestall abusive litigation by denying Rule 60(b)(1) motions alleging errors that should have been raised sooner (e.g., in a timely appeal)." *Kemp*, 142 S. Ct. at 1864 (citing *Mendez v. Republic Bank*, 725 F.3d 651, 660

4

(7th Cir. 2013) ("[A] Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time.")).

### C.      The Consequences of *Kemp* in this Case

As noted, the Defendants previously took the position that the Court could not afford the Plaintiff relief under Rule 60(b)(1) because the Court had not committed the right kind of "mistake," that is, a substantive legal error that arose solely due to a change in controlling law between the entry of judgment and the filing of the Plaintiff's Motion for Reconsideration. (Defs.' Opp'n at 5.) In the wake of *Kemp*, that position is no longer tenable. The Court can now grant relief from its Order granting the Defendants' Motion to strike the Amended Complaint and dismiss this action with prejudice and denying the Plaintiff's Motion for leave to file an Amended Complaint based on any legal or factual error in the Court's decision. In his initial Memorandum of Points and Authorities and Reply in support of his Motion for Reconsideration, the Plaintiff argued that the Court in fact committed a number of errors in ruling, among other things, that the Plaintiff's counsel did not establish good cause for misfiling the Amended Complaint and that the Plaintiff's claim did not relate back under Rule 15. If the Court agrees that it committed any such errors, then, under *Kemp*, it is authorized to, and should, grant the Plaintiff's Motion for Reconsideration and grant the relief Plaintiff seeks under Rule 60(b)(1).

The Defendants also suggested that the Plaintiff's Motion for Reconsideration was filed too late. (*See id.* at 4.) However, the Plaintiff filed his Motion for Reconsideration 30 days after the entry of the Court's final Order, which is within the time when the Plaintiff could have filed an appeal seeking correction of the Court's errors. *See* Fed. R. App. P. 4(a)(1)(A). Therefore, the Plaintiff's Motion for Reconsideration was filed within a reasonable time, consistent with *Kemp*.

III.     **CONCLUSION**

For the foregoing reasons, as well as for the reasons set forth in Plaintiff's initial Memorandum of Points and Authorities and Reply Brief in support of his Motion for Reconsideration, the Plaintiff's Motion should be granted. The Court should reconsider and set aside its Order denying the Plaintiff's Motion for leave to file an Amended Complaint and granting the Defendants' Motion to Strike the Amended Complaint and dismiss the action with prejudice.

Date:  November 16, 2022

                                                Respectfully submitted,

                                                */s/ Donald M. Temple*
                                                Donald M. Temple #408749
                                                1310 L Street, N.W., Suite 750
                                                Washington, D.C. 20005
                                                Tel: (202) 628-1101
                                                Fax: (202) 628-1149
                                                dtemplelaw@gmail.com
                                                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November __, 2022, I served, by electronic filing, a copy of this document

on:

Steven Nathan Rubenstein
OFFICE OF ATTORNEY GENERAL/DC
Civil Litigation Division
400 6th St. NW
Washington, DC 20001
(202) 727-9624
Fax: (202) 741-0592
Email: steven.rubenstein3@dc.gov
*Attorney for Defendants*

>*/s/ Donald M. Temple*
>Donald M. Temple #408749
>1310 L Street, N.W., Suite 750
>Washington, D.C. 20005
>Tel: (202) 628-1101
>Fax: (202) 628-1149
>dtemplelaw@gmail.com
>*Attorney for Plaintiff*