# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERMAINE WOODS<br><br>      Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      Defendants. | Civil Action No. 20-0782 (CKK) |

## MEMORANDUM OPINION
(December 29, 2022)

This matter involving alleged police brutality is before the Court on Plaintiff's motion for reconsideration of the Court's March 21, 2022 Order denying Plaintiff leave to amend his complaint. For a host of procedural and substantive reasons, and upon consideration of the pleadings,[1] the relevant legal authorities, and the entire record, the Court shall **DENY** Plaintiff's [30] Motion for Reconsideration.

---

[1] The Court's analysis has focused on the following documents:
- Plaintiff's Motion for Reconsideration of Court's Order Granting Defendants' Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice and Denying Plaintiff's Motion for Leave to File an Amended Complaint *Nunc Pro Tunc*, ECF No. 30 ("Mot.");
- Defendants' Opposition to Plaintiff's motion for Reconsideration, ECF No. 31 ("Opp.");
- Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration, ECF No. 32 ("Repl.");
- Defendants' Supplemental Brief, ECF No. 33 ("Defs.' Supp. Br."); and
- Plaintiff's Supplemental Brief Addressing the Consequences of *Kemp v. United States*, ECF No. 34 ("Pl.'s Supp. Br.").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

I.      BACKGROUND

Because the Court, in an abundance of caution, proceeds to the merits of Plaintiff's arguments, it restates a more detailed factual background of this matter here.

Plaintiff's original complaint alleged that, on January 18, 2017, an off-duty police officer with the Metropolitan Police Department ("MPD") of Washington, DC reported that the driver of a vehicle ("Suspect") at the intersection of 3rd and U Streets Northwest had fired multiple gunshots in the area. *Woods*, 2020 WL 6392775 at *1. Sometime thereafter, the Suspect picked Plaintiff up in his vehicle and drove Plaintiff to his home. *Id.* Plaintiff was allegedly unaware of the shooting or the Suspect's alleged involvement. *Id.* MPD officers, including (as alleged in the original complaint) Officer Daniel Leo, located the Suspect's car and followed the car to Plaintiff's home. *Id.* at *2. When Plaintiff exited the car, so too did Officer Leo exit his squad car and allegedly "instantly began to fire his service weapon at Plaintiff without uttering a single word," while Plaintiff tried to crawl to safety. *Id.* None of the rounds struck Plaintiff, but he did sustain injuries during the incident. *Id.*

Plaintiff filed a civil action against the District of Columbia and Officer Leo in the District of Columbia Superior Court, alleging two common law tort claims and an excessive force claim under 42 U.S.C. § 1983. ECF No. 1-1. Defendants removed the case to this Court and moved to dismiss the complaint for failure to state a claim or, in the alternative, for partial summary judgment. *Woods*, 2020 WL 6392775 at *2. The Court granted Defendants' motion and dismissed the complaint without prejudice, offering Plaintiff an opportunity to file an amended complaint. *Id.* at *7. Rather than so filing, Plaintiff instead moved, pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration of the Court's order dismissing the complaint without prejudice, attaching a proposed amended complaint. ECF No. 14. The Court denied that

motion because Rule 60(b) provides for reconsideration of only final orders, and dismissal without prejudice is not a final order. Mem. Op. & Order at 1, ECF No. 18 (May 5, 2021) (slip op.). In particular, the Court's Memorandum Opinion & Order mandated that, by May 17, 2021, Plaintiff "must either provide the Court with Defendants' written consent to his proposed amend[ed complaint] or, alternatively, file a motion seeking leave to amend under Rule 15(a). Failure to do so will result in complete dismissal of this action with prejudice." *Id.* at 3.

On May 17, 2021, Plaintiff timely filed a proposed amended complaint, ECF No. 19, but did not file a motion for leave to amend the original complaint. Accordingly, Defendants moved to strike the Amended Complaint and to dismiss the action with prejudice pursuant to the Court's [18] Order. Defs.' Mot. at 1. Plaintiff responded by filing a motion for leave to file an amended complaint *nunc pro tunc*, attaching the [19] Amended Complaint. Pl.'s Mot. at 1.

As to the alleged use of excessive force, the [19] Amended Complaint makes the same factual allegations, but instead claims that an Officer Fred Rosario, as opposed to Officer Leo, fired the shots at Plaintiff. Am. Compl. ¶¶ 13-14. The Amended Complaint also adds a new claim of civil conspiracy, alleging a coverup of the incident by failing to file a "use of force" report that would have memorialized the shooting, and a variety of new defendants against which Plaintiff would assert that claim. *Id.* ¶¶ 20, 42. The Amended Complaint also alleges that, in a press briefing, Interim Police Chief Peter Newsham announced that "police investigators were checking to determine if the officers involved had activated their body camera." *Id.* ¶ 35 (emphasis omitted).

The Court denied Plaintiff leave to file an amended complaint on both procedural and substantive grounds. First, the Court found that Plaintiff did not show the "excusable neglect" necessary to file *nunc pro tunc* pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). *Woods v.*

*District of Columbia*, Civ. A. No. 20-0782 (CKK), 2022 WL 834144, at *2-3 (D.D.C. Mar. 21, 2022).  Second, the Court concluded that neither Plaintiff's proposed civil conspiracy claim nor his excessive force claim related back to his original complaint.  *Id.* at *3-4.  As such, all claims were time-barred.  *See id.* at *4.  Relying exclusively on Federal Rules of Civil Procedure 54(b), which applies only to interlocutory orders, Plaintiff challenges each of these conclusions.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs only those orders "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties."  *See also Parker v. John Moriarty & Assocs.*, 221 F. Supp. 3d 1, 2 (D.D.C. 2016).  Rule 60(b), however, applies to final orders.   Under that rule, a district court may "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six grounds:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) that the judgment is void; (5) applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  The party seeking relief under Rule 60(b) bears the burden of showing that they are entitled to the relief sought, and the decision to grant such a motion "'is committed to the discretion of the District Court.'"  *United States v. Dynamic Visions, Inc.*, 321 F.R.D. 14, 17 (D.D.C. 2017).  Motions for reconsideration are generally "disfavored" and granting them are an "unusual measure."  *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013).

## III.    DISCUSSION

As a threshold matter, relief under Rule 54(b) is unavailable because the Court's order denying leave to amend and dismissing the case without prejudice is, to state the obvious, a final order.  *Parker v. John Moriarty & Assocs.*, 221 F. Supp. 3d 1, 2 (D.D.C. 2016).  The Court would be entitled to stop here, because Plaintiff relies exclusively on Rule 54(b) in the pending Motion.

4

Although Plaintiff might have intended to move under Rules 59(e) or 60(b), which apply to final orders, it is not for the Court to propose arguments for represented parties. *See Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013). Reliance on Rule 59(e) fails, too, because the Motion was filed "later than 28 days after the entry" of the final order at issue. *See Truthout v. Dep't of Just.*, 968 F. Supp. 2d 32, 36 (D.D.C. 2013) (court may not consider untimely Rule 59(e) motion). Only a Rule 60(b) motion would be timely, and, again, Plaintiff did not file a motion relying on Rule 60(b). Nevertheless, for the sake of completeness, the Court will further explain why the Motion fails under Rule 60(b) as well.

As noted above, the Court may grant relief from a final order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In an intervening case, the Supreme Court has overruled the precedent of this Circuit to hold that *any* legal error, including those that are not "obvious" or "manifestly erroneous," may constitute "mistake" for the purposes of Rule 60(b). *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022). *Kemp* appears to hold in place, however, the general rule of this jurisdiction that motions for reconsideration are still "disfavored" and granting them should be "unusual." *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013). Regardless, the Court sees no legal error in its last memorandum opinion.

*First*, Plaintiff argues that the Court should have found that Plaintiff's neglect of the deadline to move for leave to file an amended complaint was "excusable" within the meaning of Fed. R. Civ. P. 6(b)(1)(B). To file a motion out of time, a Plaintiff must show "excusable neglect." *Id.* "Four factors guide the Court's determination of when a late filing may constitute 'excusable neglect:' '(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'"

5

*Miley v. Hard Rock Hotel & Casino Punta Cana*, 537 F. Supp. 3d 1, 4 (D.D.C. 2021) (cleaned up) (quoting *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003)). Plaintiff appears to be under the mistaken impression that the Court agreed that Plaintiff satisfied each factor. Not so. Without proceeding to a factor-by-factor analysis, the Court held that sheer inattention to a deadline does not qualify as "excusable neglect" without something more. *Woods*, 2022 WL 834144,

The Court relied mainly on Plaintiff's mistakes because "fault[] is 'perhaps the most important single factor.'" *Jarvis v. Parker*, 13 F. Supp. 3d 74, 78 (D.D.C. 2014) (quoting *Inst. for Policy Studs. V. USCIA*, 246 F.R.D. 380, 383 (D.D.C. 2007)). As the Court explained in its last opinion, counsel for Plaintiff vaguely asserts that "the uncertainty and chaos caused by the ongoing pandemic" caused him to misfile the amended complaint without the motion for leave to file the amended complaint. The fact that Plaintiff made *a* timely filing shows that the "uncertainty and chaos" did not stop him from complying with the deadline. The degree of counsel's inattentiveness is particularly severe, particularly given that "attorneys 'have a professional obligation to be' knowledgeable about 'procedural rules,' which 'are the tools of the trade.'" *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1163 (D.C. Cir. 2021) (quoting *Ctr. for Nuclear Resp., Inc. v. U.S. Nuclear Regul. Comm'n*, 781 F.2d 935, 942 (D.C. Cir. 1986)). Put differently, because "[i]gnorance of the rules does not qualify as excusable neglect," Plaintiff did not carry his burden here. *See id.*

*Second*, Plaintiff insists that his proposed claim of civil conspiracy related back to his initial complaint. As the Court explained, to permit Plaintiff to add this new claim, it must "ar[i]se out of the [same] conduct, transaction, or occurrence set out—or attempted to be set out–—in the original pleading." *Id.* (c)(1)(B). Yet the claim, which is predicated on an alleged,

subsequent coverup, cannot relate back because it is "new claim based on a different set of facts." *La. Wholesale Drug Co., Inc. v. Biovail Corp.*, 473 F. Supp. 2d 79, 87 (D.D.C. 2006) (internal quotation marks omitted).  Indeed, the main case on which Plaintiff relies in his Motion, *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857 (D.C. Cir. 2008) in fact stands for the general proposition that a conspiracy claim predicated in distinct conduct does not relate back to a complaint's earlier tort claims.  *Id.* at 866.  As such, Plaintiff identifies no legal error meriting reconsideration of the Court's conclusion that Rule 15(c) forecloses a civil-conspiracy claim at this stage of litigation.

*Third*, Plaintiff argues that the Court erred by concluding that Plaintiff's proposed substitute defendant did not have constructive notice of the initial complaint.  As the Court explained, to permit a substitute defendant, the plaintiff must demonstrate that the defendant "received such notice of the action that [he] will not be prejudiced in defending on the merits[] and knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).  Notice may be "actual," i.e., evidence that the putative defendant knew of the suit within the time for service of the original complaint, or "constructive," i.e., evidence that the putative defendant should have known based on his relationship to the present defendant.  *See Page v. Pension Ben. Guar. Corp.*, 130 F.R.D. 510, 513 (D.D.C. 1990).

As to actual notice, Plaintiff insists for the first time that the Court should have permitted discovery on the question.  Plaintiff misconstrues his burden.  To merit amendment, it is Plaintiff's burden to show actual notice, *not* merely to show some possibility of actual notice. *See Jackson v. Starbucks Corp.*, Civ. A. No. 19-1487 (RC), 2021 WL 1317883, at *6 (D.D.C. Apr. 8, 2021).  Plaintiff offers no more than speculation.  That will not do.  *See Frett v. Howard*

*Univ.*, 24 F. Supp. 3d 76, 85 (D.D.C. 2014) (plaintiff must demonstrate "facts regarding when, where, or how" proposed defendants received actual notice).

As to constructive notice, Plaintiff must show that the new defendant "should have known" about this action during the time of service. Fed. R. Civ. P. 15(c)(1)(C). This may be demonstrated through "identity in interest" or "shared representation." *See Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 143 (D.D.C. 2013). The former generally arises in the corporate context, where notice to one defendant is notice to the putative other. *See id.* The other, which the Court found more applicable here, arises where the present and putative defendant share counsel during the time of service. *See e.g.*, *Blaskiewics v. Cty. of Suffolk*, 29 F. Supp. 2d 134 (E.D.N.Y. 1998); *Smith v. City of Philadelphia*, 363 F. Supp. 2d 795, 800 (E.D. Pa. 2005).

Plaintiff argues for the first time that the putative defendant *did* have some "identity in interest" with Officer Leo. Plaintiff identifies *no* authority applying this theory outside of the corporate context, and the Court is unaware of any. *Cf. Newman v. Amazon.com, Inc.*, Civ. A. No. 21-0531 (DLF), 2022 WL 971297, at *9 (D.D.C. Mar. 31, 2022) ("As simply an employee of Amazon at the time, he did not have an 'identity of interest' with the company."). As for "shared representation," the Court concluded that, at a minimum, the putative defendant must have shared legal representation *during the time of service*. *See Smith*, 363 F. Supp. 2d at 800. Plaintiff offers no reason to revisit this holding beyond a block quote to an unpublished case outside of this jurisdiction. Because Officer Rosario left MPD in 2018, Defs.' Mot. at 6, he was not represented by the same counsel at such a time. As such, Plaintiff cannot demonstrate that the putative defendant received any notice, actual or constructive, of this matter during the time of service.

## IV.     CONCLUSION

In addition to the Motion's procedural infirmities, the Motion offers no reason for the Court to revisit its legal analysis in its March 21, 2022 memorandum opinion.  Therefore, the Court **DENIES** Plaintiff's [30] Motion for Reconsideration.  An appropriate order accompanies this Memorandum Opinion.

Dated: December 29, 2022                                          ___/s/_____
                                                                                        COLLEEN KOLLAR-KOTELLY
                                                                                        United States District Judge